UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WAYNE, et al., | No. 2:25-cv-1113-DAD-CKD PS |
| Plaintiffs, | |
| v. | ORDER |
| SIERRA BROOKS PROPERTY OWNERS ASSOCIATION, et al., | |
| Defendants. | |

Plaintiffs Richard Wayne and Michal Wayne proceed pro se and bring multiple claims against various defendants. This case is referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(21). Plaintiffs' request to participate in electronic filing (ECF No. 18), motion for appointment of counsel (ECF No. 24), motion styled as a motion for leave to preserve late filing of an opposition (ECF No 54), and motion for administrative relief (ECF No. 89) are before the court.

**Electronic Filing**

"[A]ny person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." See E.D. Cal. L.R. 133(b)(2). The court does not at this time find good cause for deviance from the general procedure in the Local Rule. Plaintiffs' request will be denied without prejudice to renewal at a later stage of the case. If, however, plaintiffs would like to receive immediate email notifications when documents are filed

1

in this case, instead of receiving service by mail, plaintiffs may file such a request. In any such request, plaintiffs should provide their email addresses and state that they consent to receive service of documents electronically and waive the right to receive service by first class mail.

**Appointment of Counsel**

"[T]here is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). Under "exceptional circumstances," however, a court may appoint counsel for an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). When determining whether "exceptional circumstances" exist, a court considers both the likelihood of success on the merits as well as the ability of the pro se litigant to articulate the claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The court is sympathetic to the difficulties faced by pro se litigants in litigating their own cases in federal court. However, the court has extremely limited resources to appoint attorneys in civil cases. Having considered the present request, the court does not find exceptional circumstances warrant the appointment of counsel in this case at this time.

**Motion to Preserve Late Filing**

The court construes plaintiffs' motion to preserve late filing of an opposition (ECF No 54) as a request for an extension of time for plaintiffs to file their oppositions to the defendants' motions to dismiss the original complaint.[1] (See ECF No. 54.). So construed, the court will grant the motion.

**Motion for Administrative Relief**

A hearing on the defendants' motions to dismiss is currently scheduled to take place on August 6, 2025. (See ECF Nos. 75, 76.) The court generally hears such matters via Zoom for the convenience of the parties to reduce travel time and costs. Plaintiffs request instead that the hearing be held in-person in the courtroom. Good cause appearing, the request will be granted.

---

[1] Plaintiffs filed a first amended complaint on May 29, 2025. (ECF No. 51.) On June 5, 2025, the court denied as moot the defendants' motions to dismiss directed to the original complaint. (ECF No. 53.) Plaintiffs now proceed on the first amended complaint.

Plaintiffs are also informed that if they prefer, in the further alternative, they may request that the court order the matter submitted on the record and briefs on file without holding a hearing. See Local Rule 230(g).

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiffs' motion to participate in electronic case filing (ECF No. 18) is DENIED.
2. Plaintiffs' motion for appointment of counsel (ECF No. 24) is DENIED.
3. Plaintiffs' motion for leave to preserve late filing of an opposition (ECF No 54) is GRANTED.
4. Plaintiffs' motion for administrative relief is GRANTED. The August 8, 2025 hearing on the defendants' motions to dismiss will be held in-person in Courtroom 24.

Dated: July 8, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, wayn25cv1113.aoc

3