UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD WAYNE, et al.,

Plaintiffs,

v.

SIERRA COUNTY, et al.,

Defendants.

No.  2:25-cv-01113-DAD-CKD (PS)

ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND

(Doc. Nos. 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 98, 100, 119)

Plaintiffs Richard Wayne and Michal Mickey Wayne are proceeding *pro se* in this civil action which plaintiffs initiated by filing their 467-page complaint in this court on April 16, 2025. (Doc. No. 1.)[1]  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 20, 2025, the assigned magistrate judge issued findings and recommendations recommending that the motions to dismiss brought on behalf of defendants (Doc. Nos. 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 98, 100) be granted.  (Doc. No. 119.) The magistrate judge also concluded that the granting of leave to amend would be futile as to

---

[1]  On May 29, 2025, plaintiffs filed an 86-page first amended complaint in this action.  (Doc. No. 51.)  Although plaintiffs continue to refer to their original complaint, as the magistrate judge recognized in the pending findings and recommendations, plaintiffs' first amended complaint is the operative pleading in this action.  (*See* Doc. No. 119 at 1.)

1

most of plaintiffs' federal claims and that they should be dismissed with prejudice. (*Id.* at 2.) The magistrate judge found that the only exceptions were the Title II ADA claim asserted against defendant Sierra County, the due process or retaliation claims asserted pursuant to 42 U.S.C. § 1983 against County official defendants involved in the permitting process and any state law claims related to those claims, as to which plaintiffs should be granted leave to amend. (*Id.*)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 23.) On September 3, 2025, plaintiffs filed 55-pages of single-spaced objections in which they take issue with practically every word of the pending findings and recommendations. (Doc. No. 120.) On September 10, 2025, defendants Sierra Brooks Property Owners Association and Rebekah Perez filed a response to plaintiffs' objections. (Doc. No. 130.) Notably, in their objections plaintiffs ask the court to review their complaint "as clarified by the arguments" presented in their objections. (Doc. No. 120 at 2.) Similarly, they suggest that they have "presented arguments" in their objections "to specifically clarify any insufficiencies in regard to the aspects of their claim brought forth by the Magistrate." (*Id.* at 54.) Plaintiffs misapprehend the purpose of objections. Just as the "court may not look beyond the complaint to a plaintiff's moving papers, such as a[n] . . . opposition to a defendant's motion to dismiss," *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), so too the court may not look to the plaintiffs' objections to clarify the allegations of their complaint or to cure any pleading deficiencies reflected therein. *See Sandoval v. Diaz,* No. 1:20-cv-001314-DAD-BAM (PC), 2021 WL 4566490, at *2 (E.D. Cal. Oct. 5, 2021) ("[P]laintiff's objections cannot substitute for a short and plain statement of facts in the complaint."); *see also Ahmed v. Martel*, No. 1:13-cv-00941-DAD-MJS, 2016 WL 8673042, at *2 (E.D. Cal. July 29, 2016) (citing Local Rule 220 to support the proposition that the "plaintiff may not plead additional factual allegations through his objections"). In short, the undersigned concludes that plaintiffs' objections fail to provide any reasonable basis upon which the pending findings and recommendations should be rejected.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having reviewed the entire file, including plaintiffs' lengthy

objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1.   The findings and recommendations issued on August 20, 2025 (Doc. No. 119) are ADOPTED;

2.   Defendants' motions to dismiss (Doc. Nos. 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 98, 100) are GRANTED;

3.   Plaintiffs are granted leave to file a second amended complaint within twenty-one days of the service of this order only as to their ADA claim asserted against defendant Sierra County, their due process and/or retaliation claims asserted pursuant to 42 U.S.C. § 1983 against County official defendants involved in the permitting process, and as to any state law claims related to those claims; and

4.   This matter is REFERRED back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **March 18, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3