UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD WAYNE, et al.,

Plaintiffs,

v.

SIERRA COUNTY, et al.,

Defendants.

No.  2:25-cv-1113-DAD-CKD (PS)

ORDER

Plaintiffs' motions for sanctions, request for oral argument, and motion for administrative relief are before the court. (ECF Nos. 136, 138, 139, 153.) For the reasons set forth below, the motions and requests are denied. Defendants' request for sanctions against plaintiffs is also denied.

**I.    Background**

Proceeding without counsel, plaintiffs Richard Wayne and Michal Mickey Wayne initiated this case with their original complaint filed on April 16, 2025. (ECF No. 1.) On May 29, 2025, they filed a first amended complaint bringing several claims against various defendants arising out of disputes over permitting for building on plaintiffs' land in Sierra County. (ECF No. 51.) All named defendants moved to dismiss the first amended complaint.

On August 20, 2025, the undersigned filed findings and recommendations recommending the court grant all defendants' motions to dismiss the first amended complaint and grant plaintiffs

1

leave to amend certain claims against certain defendants. (ECF No. 119.) Plaintiffs filed objections to the findings and recommendations. (ECF No. 120.) On September 12, 2025, the Sierra County defendants filed a response to the objections. (ECF No. 135.)

The district judge assigned to this case adopted the findings and recommendations on March 19, 2026. (ECF No. 149.) Plaintiffs' motion for reconsideration of that order is pending before the assigned district judge. (ECF No. 152.)

Plaintiffs seek sanctions under Rule 11 and 28 U.S.C. § 1927 against the defendants associated with Sierra County and their counsel who signed some of the motions to dismiss and/or a response to plaintiffs' objections to the findings and recommendations. (ECF Nos. 138, 139.) Defendants opposed the motions for sanctions, requesting instead that plaintiffs be sanctioned for bringing these motions. (ECF No. 145.) Plaintiffs filed a reply. (ECF No. 146.)

On April 3, 2026, plaintiffs requested an oral argument on the motions for sanctions. (ECF No. 153.) As was previously determined, both motions for sanctions are suitable for decision without oral argument. (See ECF No. 42.) Accordingly, the request for oral argument is denied.

**II.    Discussion**

"Section 1927 authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced." Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000). Sanctions under 1927 may also be imposed upon a pro se plaintiff. Wages v. I.R.S., 915 F.2d 1230, 1236 (9th Cir. 1990); Brown v. Adidas Int., 938 F.Supp. 628, 636 (S.D. Cal. 1996). Sanctions pursuant to 28 U.S.C. § 1927, like any sanctions imposed under a court's inherent power, require a finding of bad faith which is assessed under a subjective standard. Id. at 1118. Bad faith in this context is established by knowing, willful, or reckless conduct. Id.

Rule 11 of the Federal Rules of Civil Procedure provides for sanctions where a party has advanced an argument in any signed paper before the court that is (1) presented for "any improper purpose," or (2) not warranted by existing law or "by a nonfrivolous argument" to change, modify, or reverse existing law. Fed. R. Civ. P. 11. Rule 11 also applies to pro se plaintiffs. Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). Imposing sanctions under Rule 11 is "an

extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Company, 859 F.2d 1336, 1345 (9th Cir. 1988). Rule 11(c)(2) requires service of a motion brought under Rule 11(b) be made 21 days prior to filing.

Here, the parties dispute whether plaintiffs complied with the safe harbor provision of Rule 11(c)(2) as to their request for relief under Rule 11. That dispute is immaterial to the outcome of the pending motions for sanctions. Assuming without deciding that Rule 11(c)(2) does not prevent the undersigned from imposing discretionary sanctions if the undersigned finds sanctionable conduct, the undersigned declines to impose any sanction.

In requesting sanctions, plaintiffs argue defense counsel's filings contained false information, false arguments, and fraudulent misrepresentations. More specifically, plaintiffs challenge counsel's interpretation of legal authorities, accuse counsel of attempting to multiply proceedings and confuse the court, assert counsel's contradictory statements and arguments suggest improper use of AI tools, and argue counsel continued to assert arguments in motions which plaintiffs had indicated they believed violated Rule 11. Plaintiffs request sanctions in the form of an order striking offending statements from defendants' motions to dismiss, an order requiring payment of reasonable attorney fees or other expenses, contempt proceedings, and/or a recommendation to the State Bar for an ethics violation.

Plaintiffs have not demonstrated any sanctions are justified. "The central purpose of Rule 11 is to deter baseless filings." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 254 (9th Cir. 1992) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 394 (1990)). Plaintiffs fail to demonstrate defendants or their counsel made any frivolous arguments or asserted any arguments for an improper purpose within the meaning of Rule 11.

Requests for sanctions based on disagreement over facts and legal arguments generally will not justify imposition of sanctions. See, e.g., Engel v. Paragon Sys., Inc., No. 2:24-CV-02479-DJC-CKD PS, 2025 WL 1158517, at *14 (E.D. Cal. Apr. 21, 2025), report and recommendation adopted, No. 2:24-CV-02479-DJC-CKD PS, 2025 WL 2751253 (E.D. Cal. Sept. 29, 2025), appeal dismissed, No. 25-6474, 2025 WL 4057072 (9th Cir. Dec. 18, 2025), and cert. denied, No. 2:24-CV-02479-DJC-CKD (PS), 2026 WL 496958 (E.D. Cal. Feb. 23, 2026); Shaw

v. Mason, No. 2:16-CV-00729-TLN-CKD, 2024 WL 584160, at *3 (E.D. Cal. Feb. 13, 2024) (denying motion for sanctions asserting a motion to dismiss made arguments that were "frivolous, legally unreasonable, and… for an improper purpose" and cautioning the plaintiff against filing further motions for sanctions under similar circumstances). An incorrect legal argument does not equate to a legal theory that is sanctionable. See Zaldivar v. City of Los Angeles, 780 F.2d 823, 830 (9th Cir. 1986), abrogated by Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990) ("It is obvious from the text of [Rule 11] that the pleader need not be correct in his view of the law."). The undersigned finds subjective bad faith is not established. No sanctions are warranted.

Separately, plaintiffs also have a request for administrative relief pending in which they ask to attach the complete content of their original complaint to their first amended complaint. (ECF No. 136.) In light of the procedural posture of this case, and the dismissal of the first amended complaint, this request is denied as moot.

**III.    Order**

In accordance with the above, IT IS ORDERED as follows:

1.  Plaintiffs' motion for sanctions (ECF No. 138 is DENIED.

2.  Plaintiffs' motion for sanctions (ECF No. 139) is DENIED.

3.  Plaintiffs' motion for hearing and oral argument (ECF No. 153) is DENIED and the hearing set on that motion to take place on May 27, 2026, is VACATED.

4.  Defendants' request for sanctions (ECF No. 145) is also DENIED.

5.  Plaintiff's motion for administrative relief (ECF No. 136) is DENIED as moot.

Dated:  April 9, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 wayn25cv1113.san

4