UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WAYNE, et al., | No.  2:25-cv-1113-DAD-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| SIERRA COUNTY, et al., | |
| Defendants. | |

Plaintiffs Richard Wayne and Michal Wayne proceed without counsel and filed a second amended complaint. (ECF No. 158.) Defendants' motion to modify the response deadline and briefing schedule is before the court. (ECF No. 159.) Plaintiffs filed a response to defendants' motion. (ECF No. 162.) Plaintiffs also filed a motion to conduct early discovery and a motion for clarification. (ECF No. 160, 161.)

On August 20, 2025, the undersigned filed findings and recommendations recommending several motions to dismiss filed by the various defendants be granted and plaintiffs' claims be dismissed with leave to amend "only their Title II ADA claim against the public entity responsible for the alleged violation, their due process and retaliation claims under 42 U.S.C. §1983 against County official defendants, and any related state-law claims." (ECF No. 119.) On March 19, 2026, the district judge assigned to this case adopted the findings and recommendations, granted all the motions to dismiss, and granted plaintiffs "leave to file a second

1

amended complaint within twenty-one days of the service of this order only as to their ADA claim asserted against defendant Sierra County, their due process and/or retaliation claims asserted pursuant to 42 U.S.C. § 1983 against County official defendants involved in the permitting process, and as to any state law claims related to those claims." (ECF No. 149 at 3.)

Plaintiffs have filed a motion for reconsideration of the district judge's order. (ECF No. 152.) Plaintiffs' motion for reconsideration is pending before the assigned district judge.

After seeking and being granted an extension of time to file the second amended complaint, plaintiffs filed the second amended complaint on May 12, 2026. (ECF No. 158.) The time specified by Rule 12 of the Federal Rules of Civil Procedure for defendants to file their response expired.

On May 29, 2026, defendants filed a motion to modify the response deadline as to the second amended complaint in which they explain the failure to timely respond and indicate their response will be a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. (ECF No. 159.) Defendants also request a modification of the briefing schedule for such a motion. (Id. at 3.) In the alternative, defendants stipulate to allow plaintiffs to file a third amended complaint "as [plaintiffs] have expressed a desire to do." (Id.) In the further alternative, defendants request to stay all deadlines pending the outcome of plaintiff's motion for reconsideration. (Id.) Plaintiffs' response and two motions followed. (ECF Nos. 160, 161, 162.)

The court first addresses plaintiffs' motion for clarification which states they seek clarification of the findings and recommendations as to the scope of leave to amend "to avoid future disputes regarding the proper scope of amendment and pleading." (ECF No. 161 at 2.) As set forth above, the assigned district judge granted plaintiffs "leave to file a second amended complaint… *only as to their ADA claim asserted against defendant Sierra County, their due process and/or retaliation claims asserted pursuant to 42 U.S.C. § 1983 against County official defendants involved in the permitting process, and as to any state law claims related to those claims.*" (ECF No. 149 at 3 (emphasis added).) Plaintiffs' request for clarification from the undersigned on the scope of leave to amend is denied. Plaintiffs' motion for reconsideration of the order granting limited leave to amend is still pending. Even if that motion were resolved, the

2

undersigned cannot provide procedural advice on how to comply with a court order.

As to defendants' offer to stipulate to allow plaintiffs further leave to amend their pleading, plaintiffs ask the court to "preserve" the second amended complaint "as written" so as "not to cause a premature Third Amended Complaint." (ECF No. 162 at 10.) It therefore appears plaintiffs do not seek to file a further amended complaint at this time, although they state it "may… be warranted at a later time" due to potential early discovery they seek. (Id.)

Generally, a party may not seek discovery from any source before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). However, courts may permit early discovery upon a showing of good cause. Malibu Media, LLC v. Doe, 319 F.R.D. 299, 302 (E.D. Cal. 2016). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. (quotation marks and citation omitted).

The court does not find good cause for expedited discovery. Plaintiffs have not shown the early discovery they seek is narrowly targeted and proportional to the needs of the case, particularly where they have not yet stated a claim upon which relief can be granted. Plaintiffs also have not adequately explained why requests made at the appropriate time would be ineffective or any specific reasons why immediate production is necessary to preserve any potential claims.

Good cause appearing, defendants' motion to modify the response deadline for the second amended complaint and motion to modify briefing schedule will be granted. However, the court declines to stay all deadlines pending the outcome of plaintiff's motion for reconsideration.

In accordance with the above, IT IS ORDERED as follows:

1. Defendants' motion to modify response deadline and briefing schedule (ECF No. 159) is GRANTED as follows: (a) the time for defendants to file a response to plaintiffs' second amended complaint is extended to June 19, 2026; and (b) the briefing schedule on any motion under Rule 12 of the Federal Rules of Civil Procedure shall be 21 days for an opposition brief and 14 days for any reply, instead of the regular briefing schedule set forth by local rule.

2. Plaintiffs' motion to conduct early discovery (ECF No. 160) is DENIED.

3. Plaintiffs' motion for clarification (ECF No. 161) is DENIED.

Dated:  June 5, 2026

_____

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 wayn25cv1113.159.160

4